FILED IN CHAMBERS
THOMAS W. THRASH JR.
U.S.D.C. Atlanta

SEP 1 6 2010

JAMES N. HATTEN, Clerk
By: /s/ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| CLIFTON N. HAMALOWA, | : | PRISONER CIVIL RIGHTS |
| BOP No. 44539-008, | : | 28 U.S.C. § 1331 |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:10-CV-2826-TWT |
| RAY HOLT, et al., | : | |
|     Defendants. | : | |

## ORDER AND OPINION

Clifton Hamalowa is an inmate in the Federal Correctional Institution in Talladega, Alabama. Proceeding *pro se*, Hamalowa filed a *Bivens*[1] action stating five claims for relief [1]. In summary: Hamalowa's first claim is that he was denied dinner on October 21, 2009; his second claim is that he was denied breakfast on October 22, 2009; his third claim is that excessive force was used "in extracting Plaintiff and his cell-mate from the cell;" his fourth claim is that when he "asked that his whole body be examined," a prison nurse declined to do so; and his fifth claim is that restraints were applied too tightly, causing pain and preventing him from eating, drinking, and using the toilet [1 at 1-5]. Hamalowa acknowledges that "all events happened in" FCI-Talladega [1 at 1].

---

[1] See *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

Hamalowa identifies eighteen defendants in the caption of his complaint. Hamalowa acknowledges that at least fourteen of the defendants are or were "employed at FCI Talladega" [1 at 1]. The other four defendants either "came to FCI Talladega" or were "sen[t]" on unspecified dates [1 at 1]. Substantially all, if not all, of the defendants are employees of the United States.

Federal law provides that a "civil action in which a defendant is an . . . employee of the United States [can] be brought in any judicial district in which . . . a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(e). As noted above, Hamalowa stated that "all events occurred in" FCI-Talladega [1 at 1]. FCI-Talladega is located in the Northern District of Alabama. Hamalowa might appropriately have filed his complaint there.

Nowhere in his complaint does Hamalowa indicate why he believes venue lies in the Northern District of Georgia. Even assuming venue lies here, this case has only very attenuated connections to the Northern District of Georgia. As Hamalowa acknowledged, substantially all the parties and witnesses are located in Alabama [1 at 1].

Federal law provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Based on the information alleged in Hamalowa's complaint, this Court finds that,

2

for the convenience of parties and witnesses, in the interests of justice, this action ought to be transferred to the United States District Court for the Northern District of Alabama.

This case is hereby **TRANSFERRED** to the United States District Court for the Northern District of Alabama, and the Clerk of Court is **DIRECTED** to forward all filings in this case to that court.

**IT IS SO ORDERED**, this _16_ day of _September_, 2010.

_/s/ Thomas W. Thrash_
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)